**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ZACHARY U. JACKSON and MOZELLE L. WILLIAMS, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | C.A. No. 2024-0227-LM |
| JACQUELINE EDWARDS, | ) ) ) | |
| Respondent. | ) | |

## <u>ORDER</u>

WHEREAS[1]:

A.    On March 8, 2024, Petitioners Zachary U. Jackson and Mozelle L. Williams (the "Petitioners") filed a verified complaint against Respondent Jacqueline Edwards (the "Respondent") for undue influence over Louise Jones' (the "Decedent") will (the "Will").[2]

B.    Decedent passed away testate on January 1, 2022.[3]

---

[1] Citations to the record are in the form of Docket Item ("D. I.") and identified by their entry number.  Citations to the docket in the related Register of Wills matter, 180468 AF, will include the parenthetical (ROW) before the "D. I." entry number.

[2] D. I. 1.

[3] ROW D. I. 1.

C. Decedent executed a valid will on March 26, 2012, which was notarized, signed by two witnesses, and nominated the Respondent as the executrix of the Will.[4]

D. The Will was admitted to probate on March 24, 2022, and Letters Testamentary were issued to the Respondent.[5]

E. The Will devised the Decedent's real property at 622 North Van Buren Street, Wilmington, DE 19805 (the "Property") and all its contents to Respondent in fee simple absolute.[6]

F. The Inventory was due to the Register of Wills on or before June 24, 2022.[7]

G. Decedent filed a late initial inventory on August 28, 2023, which valued the property at $168,800 at the time of Decedent's passing.[8] The inventory also displayed $4,905.62 in one checking account.[9]

H. The Will devised $5,000 to each of the Petitioners and equally divided all remaining bank accounts to the Decedent's five grandchildren.[10]

---

[4] ROW D. I. 10.

[5] ROW D. I. 13.

[6] ROW D. I. 10.

[7] ROW D. I. 9.

[8] ROW D. I. 13.

[9] ROW D. I. 13.

[10] ROW D. I. 10.

I.      The initial accounting was due to the Register of Wills on or before March 24, 2023.[11]

J.      Respondent filed a late first accounting on July 10, 2024, indicating a zero-balance remaining in the estate.[12]

K.      Respondent filed this Motion to Dismiss under Court of Chancery Rule 12(b)(6) and 12 Del. C. § 1309 on March 28, 2024.[13]

L.      Petitioners responded to the Motion on April 3, 2024, and April 18, 2024.[14]

M.      Respondent filed a timely Reply on May 3, 2024.[15]

N.      Five days later, Petitioners filed a sur-reply.[16]

O.      The standard under Rule 12(b)(6) is settled:

   a. (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all

---

[11] ROW D. I. 9.

[12] ROW D. I. 19.

[13] D. I. 11.

[14] D. I. 12; D. I. 17; On April 22, 2024, the Court issued a minute order stipulating that the Petitioners' April 18th letter will be treated as a Response to the Motion to Dismiss.  D. I. 22.

[15] D. I. 27.

[16] D. I. 28.

reasonable inferences in favor of the non-moving party; and [(iv)] dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[17]

**IT IS HEREBY ORDERED**, this 24th day of July 2024, as follows:

1. The Respondent's Motion to Dismiss Petitioners' claim for undue influence over the Will is **GRANTED**. I find that, even when viewing factual allegations most favorably to the Petitioners, this claim is time-barred. Under 12 Del. C. § 1309, any challenge to the Will is due within six months of its entry to probate.[18] This Court has repeatedly stated that the unambiguous language of this statute bars any leniency in this statutory period.[19] Petitioners filed this complaint 531 days late.[20] All details in the Petitioners' complaint, even in viewing them in the light most favorable to the Petitioners, are wholly related to alleged undue influence in creating the Will, and therefore, are time-barred.[21]

---

[17] Ct. Ch. R. 12b(6).

[18] ROW D. I. 13; The last day for Petitioners to file this claim was September 24, 2022.

[19] *In re Chambers*, 2019 WL 1568670, at *2 (Del. Ch. Mar. 26, 2019), *adopted* (Del. Ch. 2019) (citations omitted).

[20] D. I. 1.

[21] 12 Del. C. § 1309.

2. This is my final report in this matter and any exceptions should be taken within eleven days in accordance with Court of Chancery Rule 144.[22]

**IT IS SO ORDERED.**

/s/ Loren Mitchell
Magistrate in Chancery

---

[22] *See* Ct. Ch. R. 144(d)(1) ("In actions that are not summary in nature or in which the Court has not ordered expedited proceedings, any party taking exception shall file a notice of exceptions within eleven days of the date of the report.").